**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

IN RE:                                              Case No.: 25-12401-KHK

PHILIP BENJAMIN MCWHORTER

JENNIFER HONG MCWHORTER                              Chapter: 11

    Debtor

---

### OBJECTION TO PLAN OF REORGANIZATION UNDER SUBCHAPTER V
(Class 4: Property: 820 S. George St., York, PA 17403)

COMES NOW, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Creditor") and files this objection to the Plan of Reorganization Under Subchapter V (the "Plan") (ECF No. 65) filed by Philip Benjamin McWhorter and Jennifer Hong McWhorter (the "Debtors"), on or about February 17, 2026, and respectfully states as follows:

**Facts**

1.    Creditor is a mortgage lender/servicer.

2.    On or about November 17, 2025, the Debtors filed a Voluntary Petition in this Court under Chapter 11, Subchapter V, of the United States Bankruptcy Code (the "Petition") (ECF No. 1).

3.    Angela L. Shortall is the Subchapter V Trustee of the Debtors' bankruptcy estate.

4.    Philip McWhorter is indebted to Creditor by virtue of a Note, in the original principal amount of $113,250.00 (the "Note"). The Note is secured by a Purchase Money Mortgage, in favor of Movant (the "Mortgage"), and solely secured by the Debtor's real property commonly known as 823 S. George St. York, PA 17403 (the "Property"). The Mortgage was recorded in the York County Recorder of Deeds at instrument #2021025593, on April 27, 2021.

5.    Creditor has timely filed its proof of claim (Claim 8-1) on January 19, 2026, which includes total debt of $88,280.44 at a 4.125% annual interest rate (the "Proof of Claim"). The Proof of Claim included $505.92 in arrears owed to Creditor prior to the Petition. No objection to the Proof of Claim was filed.

6.    On or about February 17, 2025, the Debtor filed the Plan.

7.    The Plan treats Creditor in Class 4. Class 4's treatment is located in Article III:

"The secured claim of NewRez shall be paid under the original Note and Mortgage outside the Plan without alteration or modification, until the transfer of the property to Huntington Bank, as provided for below, at which point, the

000419-038106

Debtors shall make no further payments on this claim." (the "Treatment").

8.    Creditor objects to the Treatment in the Plan.

### Argument

9.    <u>The Treatment in the Plan is Discriminatory, Unfair and Not Equitable</u>.

A.    The Treatment surrenders and transfers the Property to a lienholder that is junior to Creditor. This Treatment is discriminatory and seems to be designed to avoid an unsecured deficiency owed to the second lienholder on the Property, The Huntington Bank ("Huntington") that would result from either Huntington or Creditor's foreclosure sale of the Property. The Debtor should surrender the Property to the first lienholder and allow a foreclosure of the Property to take place to properly determine the extent of the deficiency or surplus. The Treatment appears to waive the Debtor's right to any surplus and assign it to a lienholder that is junior to Creditor. This is discriminatory against Creditor.

B.    The treatment is especially discriminatory in light of the face that Creditor is currently advancing for taxes and insurance as it relates to the Property. Surrendering and transferring the Property to Huntington (which is not escrowing for taxes and insurance) will require Creditor to take action against another creditor to recoup these advances. After surrender and transfer of the Property to Huntington, neither Debtor nor Huntington will have incentive to properly pay for the insurance and real property taxes associated with the Property. This Treatment unfairly discriminates against a Creditor that advances for taxes and insurance to the benefit of the Debtor and the estate.

10.   <u>The Plan Should Sell the Property</u>.

A.    The Plan should attempt a consensual sale of the Property. This would net the Debtor the maximum amount of return and lower any deficiency to Huntington. If a consensual sale cannot be obtained in a reasonable amount of time, the Property should be surrendered to Creditor, so that a foreclosure sale can take place expeditiously so that Creditor can cease advancing for taxes and insurance, and again, reduce the possible deficiency claim to Huntington.

B.    A sale of the Property through the Plan could be advantageous to all parties involved by avoiding transfer taxes under 11 U.S.C. §1146(a). Other than the Debtors' continued installment payments (which reduce Creditor's claim and any possible Huntington deficiency claim) a sale would be in the best interest of all the parties. It is unclear from the Plan whether

000419-038106

any sale (short or otherwise) has been sought.

11.    Creditor incorporates by reference the objections filed by Huntington on March 16, 2026 (ECF No. 83), as if fully stated herein.

WHEREFORE, the Creditor its successors and/or assigns prays that this Court:

A.    Enter an order DENYING confirmation of the Plan, and

B.    Grant such other and further relief as necessary.

Dated: March 17, 2026

Respectfully Submitted,
Aldridge Pite, LLC

_/s/ Barry Spear_____
Barry Spear VSB# 39152
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bspear@aldridgepite.com
*Attorney for the Creditor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Objection to Chapter 11 Plan will be served electronically by the Court's CM/ECF system on the following:

Angela L. Shortall, Subchapter V Trustee

Michael T. Freeman, U.S. Trustee Attorney

Richard G. Hall, Esq.

I hereby further certify that on this 17th day of March, 2026, a copy of the Objection to Chapter 11 Plan was also mailed first class mail, postage prepaid, to:

Philip Benjamin McWhorter
Jennifer Hong McWhorter
15629 Turtle Point Drive
Gainesville, VA 20155

_/s/ Barry Spear_____
Barry Spear, Attorney for Creditor

000419-038106